THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Paul E. Hackmann, | : | |
| | : | Case No. 2:22-cv-02378 |
| Plaintiff, | : | |
| | : | Judge Edmund A. Sargus |
| v. | : | |
| | : | |
| AmGuard Insurance Company | : | |
| | : | |
| Defendant. | : | |

## ANSWER OF AMGUARD INSURANCE COMPANY

Now comes Defendant AmGuard Insurance Company ("AmGuard"), by and through counsel, and responds to Plaintiff's Complaint as follows.

## PARTIES, VENUE AND JURISDICTION

1. In response to Paragraph No. 1 of Plaintiff's Complaint, AmGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

2. In response to Paragraph No. 2 of Plaintiff's Complaint, AmGuard admits that it is a Pennsylvania Insurance Business Corporation, is duly registered as such in Pennsylvania, and transacts business in Franklin County, Ohio. AmGuard denies any other remaining allegations contained in Paragraph No. 2.

3. Upon information and belief, AmGuard admits the allegations in Paragraph No. 3 of Plaintiff's Complaint.

4. Upon information and belief, AmGuard admits the allegations in Paragraph No. 4 of Plaintiff's Complaint.

## COMMON FACTUAL ALLEGATIONS

5. In response to Paragraph No. 5 of Plaintiff's Complaint, AmGuard admits that it entered into a contract, policy number PAHO012735, on or around October 10, 2019, which insured the real property located at 731 E. Broad St., Columbus, Ohio 43205 for good and valuable consideration. AmGuard denies any other remaining allegations contained in Paragraph No. 5.

6. In response to Paragraph No. 6 of Plaintiff's Complaint, AmGuard admits that Policy number PAHO012735 was effective beginning October 10, 2020. AmGuard denies that policy number PAHO012735 was effective through October 10, 2020. Policy number PAHO012735 was cancelled on or around December 11, 2019. AmGuard further states that Policy number PAHO039303 was entered into on or around December 11, 2019 and was effective through December 11, 2020. AmGuard denies any other remaining allegations contained in Paragraph No. 6 of Plaintiff's Complaint.

7. AmGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph No. 7 of Plaintiff's Complaint.

8. In response to Paragraph No. 8 of Plaintiff's Complaint, AmGuard admits that on or about June 1, 2020 Plaintiff filed a claim with AmGuard under Policy number PAHO039303 seeking recoupment of losses allegedly caused by a hailstorm. AmGuard denies any other remaining allegations contained in Paragraph No. 8 of Plaintiff's Complaint.

9. AmGuard denies the allegations in Paragraph No. 9 of Plaintiff's Complaint.

## COUNT ONE – BREACH OF CONTRACT

10. AmGuard incorporates herein by reference the allegations of the preceding paragraphs as if re-written in full.

11. AmGuard is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph No. 11 of Plaintiff's Complaint

12. AmGuard denies the allegations in Paragraph No. 12 of Plaintiff's Complaint.

13. AmGuard denies the allegations in Paragraph No. 13 of Plaintiff's Complaint.

14. AmGuard denies the allegations in Paragraph No. 14 of Plaintiff's Complaint.

## **COUNT TWO – BAD FAITH**

15. AmGuard incorporates herein by reference the allegations of the preceding paragraphs as if re-written in full.

16. In response to Paragraph No. 16 of Plaintiff's Complaint, AmGuard admits the allegations as to Policy number PAHO039303. AmGuard denies any other remaining allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17. AmGuard denies the allegations in Paragraph No. 17 of Plaintiff's Complaint.

18. AmGuard denies the allegations in Paragraph No. 18 of Plaintiff's Complaint.

19. In response to Paragraph No. 19 of Plaintiff's Complaint, AmGuard admits that approximately two years have passed since Plaintiff filed the claim the subject of this lawsuit. AmGuard denies any other remaining allegations contained in Paragraph No. 19 of Plaintiff's Complaint.

20. AmGuard denies the allegations in Paragraph No. 20 of Plaintiff's Complaint.

21. AmGuard denies the allegations in Paragraph No. 21 of Plaintiff's Complaint.

22. AmGuard denies the allegations in Paragraph No. 22 of Plaintiff's Complaint.

23. AmGuard denies all remaining allegations in Plaintiff's Complaint not expressly admitted to or otherwise responded to herein, including any and all allegations set forth in the Prayer for Relief.

24. AmGuard denies that it is liable to Plaintiff in any amount.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the terms, conditions, exclusions and other provisions of the Policy.

## THIRD AFFIRMATIVE DEFENSE

AmGuard acted in good faith in compliance with applicable law, and at all times, the actions of AmGuard were reasonably justified.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced to the extent that Plaintiff failed to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced by the doctrines of accord and satisfaction and setoff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred by the prohibition against excessive fines contained in the Eighth Amendment of the United States Constitution and by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred or limited by applicable Ohio law, including but not limited to R.C. § 2315.21, *et seq.*

## EIGHTH AFFIRMATIVE DEFENSE

Pending discovery, AmGuard reserves the right to file any additional defenses that may become apparent during discovery and/or at trial.

WHEREFORE, AmGuard respectfully requests that this Court dismiss all claims asserted against it in Plaintiff's Complaint without further cost to AmGuard, and any other relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Frank S. Carson*
Frank S. Carson (0089575)
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, OH 43215
(614) 464-1211 / (614) 464-1737 (fax)
fcarson@fbtlaw.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

On this 10th day of June, 2022, a true and accurate copy of the foregoing was filed with the Court and served via ECF on all counsel of record.

*/s/ Frank S. Carson*
Frank S. Carson (0089575)