UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAUL E. HACKMANN,**

    **Plaintiff,**

  v.

**AMGUARD INSURANCE COMPANY,**

    **Defendant.**

Case No. 2:22-cv-2378
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## ORDER

This matter is before the Court on the Magistrate Judge's Order to Show Cause. (ECF No. 42.) Plaintiff Paul E. Hackmann has failed to respond to the Court's Order directing him to notify the Court as to whether he obtained counsel or intends to proceed *pro se*. Accordingly, the Court *sua sponte* **DISMISSES WITH PREJUDICE** Plaintiff's complaint for failure to prosecute.

**I. BACKGROUND**

This case was removed to this Court on June 3, 2022. (ECF No. 1.) After moving for repeated extensions over the next year, this Court noted that the Parties failed to comply with the case schedule on numerous occasions. (*See* ECF No. 24.) The Court reminded the Parties of their obligation to follow court orders, including the case schedule, and warned that the Court was not inclined to grant further extensions. (*Id.*)

In June 2023, the Parties informed the Court that they intended to resolve this matter extrajudicially through an appraisal process. (ECF No. 27.) The Court ordered the Parties to submit a revised case schedule or initiate dismissal of the matter by July 19, 2023. (*Id.*) After amending the case schedule, the Court directed the Parties to file joint status reports detailing the status of the appraisal process and the remaining issues to be resolved in the litigation. (ECF No. 30.)

On February 2, 2024, the Parties filed their Joint Status Report indicating that the Parties received a binding appraisal award on January 6, 2024. (ECF No. 32.) According to that report, the only claim left pending was Plaintiff's bad-faith claim. (*Id.*)

Soon thereafter, Plaintiff's counsel moved to withdraw because of Plaintiff's failure to fulfill his financial obligations. (ECF No. 34, PageID 299.) The Court granted that motion and ordered Plaintiff to notify the Court within 30 days if he had retained new counsel or if he wished to proceed *pro se*. (ECF No. 35.) He then obtained new counsel solely to move for an extension. (ECF Nos. 37, 38.) New counsel withdrew in May 2024, and informed the Court that Plaintiff "remains aware" of the deadline to respond to this Court's Order instructing him to notify the Court regarding his intent to proceed *pro se* or with counsel. (ECF No. 39, PageID 314.)

After granting Plaintiff multiple extensions over the course of four months, Plaintiff has neither retained new counsel nor informed the Court that he wishes to proceed *pro se*. Accordingly, the Court ordered Plaintiff to show cause within 21 days why he has failed to provide notice of whether he obtained counsel or if he intends to proceed *pro se*. (ECF No. 42.) The show cause order advised Plaintiff that failure to comply with the order could result in the dismissal of his case for failure to prosecute. (*Id.*) However, on June 28, 2024 the Order to Show Cause was returned as undeliverable. (ECF No. 44.) Plaintiff contacted the Court on July 25, 2024 to update his address and the Clerk's Office mailed the previously undelivered filings to Plaintiff's updated address. Over a month has passed since Plaintiff updated his address. Plaintiff remains aware of the Court's Order requiring him to notify the Court whether he intends to proceed *pro se*, and yet Plaintiff has not done so.

**II.     ANALYSIS**

Plaintiff's failure to prosecute his case and failure to comply with the Court's show cause order warrant dismissal under Federal Rule of Civil Procedure 41(b). "It is well settled that a

2

district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citations omitted); Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted). The court may exercise its discretion to dismiss an action for failure to prosecute whenever necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962).

Whether Plaintiff proceeds *pro se* makes no difference. *See Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir. 1991). Indeed, the Supreme Court has held that "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, Plaintiff bears the fault for his failure to obtain new counsel and comply with the Court's orders. Plaintiff's former counsel withdrew because of Plaintiff's failure to fulfill his financial obligations. (ECF No. 34, PageID 299.) He then obtained new counsel solely to move for an extension. (ECF Nos. 37, 38.) New counsel withdrew in May 2024, and informed the Court that Plaintiff "remains aware" of the deadline to respond to this Court's Order instructing him to notify the Court regarding his intent to proceed *pro se* or with counsel. (ECF No. 39, PageID 314.)

The fact that the Show Cause Order was returned as undeliverable does not negate Plaintiff's failure to comply. Plaintiff has an affirmative duty to notify the Court of any change in address. *Barber v. Runyon*, No. 93-6318, 1994 U.S. App. LEXIS 9709, at *3 (6th Cir. May 2, 1994) (explaining the affirmative duty to supply the court with notice of all address changes); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07-cv-289, 2010 U.S. Dist. LEXIS 17366, at *1 (S.D. Ohio Feb. 26, 2010) (Barrett, J.) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."). Although Plaintiff contacted the Court

3

on July 25, 2024 to inquire as to the status of his case and update his address, he continues to not comply with the Court's show cause order.

Plaintiff has now had more than four months to find new counsel or indicate to the Court that he intends to proceed *pro se*. Despite several extensions and less drastic measures put forth by the Court, Plaintiff continues to demonstrate an unwillingness to comply with the Court's orders. *See Velocity Tools, Inc. v. Nemic Indus. Supply Co.*, No. 1:06-CV-152, 2007 U.S. Dist. LEXIS 52391, at *5 (W.D. Mich. July 19, 2007) (dismissing complaint with prejudice after plaintiff failed to obtain counsel, even though less drastic sanctions had not yet been imposed).

The Court warned Plaintiff that his failure to respond may result in the dismissal of his case for failure to prosecute. (*See* ECF No. 42.) Since Plaintiff has failed to respond to the show cause order or otherwise comply with the Court's orders, the Court concludes that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE** under Rule 41(b).

The Clerk is **DIRECTED** to **ENTER JUDGMENT** and close this case.

**IT IS SO ORDERED.**

**8/26/2024**                                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                                          **EDMUND A. SARGUS, JR.**
                                                                       **UNITED STATES DISTRICT JUDGE**